

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC KELLER # 42787-037 | * |
| | * Civil Action No. CCB-13-857 |
| Petitioner | * Criminal Action No. CCB-06-581 |
| | * |
| v | * |
| | * |
| UNITED STATES | * |
| | * |
| Respondent | * |

## MEMORANDUM

Before the court is Eric Keller's ("Keller") Motion to Vacate, Set Aside or Correct Sentence (ECF No. 33) and the government's response raising the one-year limitations period as an affirmative defense. (ECF No. 36). Keller, by his counsel, has filed a reply. (ECF No. 39). Upon review of the pleadings, exhibits, and applicable law, the court finds a hearing is unnecessary and shall dismiss the motion as untimely. *See* Local Rule 105.6. (D. Md. 2011).

## PROCEDURAL HISTORY

On June 4, 2009, Keller was sentenced to a total term of 262 months of incarceration and three years of supervised release after he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a person previously convicted of a felony. On January 5, 2010, the United States Court of Appeals for the Fourth Circuit dismissed Keller's appeal. *United States v. Keller*, No. 09-4528 (4th Cir. 2010) (ECF No. 31). Keller did not file a petition for a writ of certiorari to the Supreme Court. On March 21, 2013, Keller, by his counsel, filed the instant motion.

# DISCUSSION

Petitions filed under 28 U.S.C. § 2255 must be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have be discovered through the exercise of due diligence.

Apparently recognizing that the § 2255 motion is untimely under § 2255(f)(1), Keller asserts that his motion is timely based on two March 21, 2012, decisions by the United States Supreme Court: *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (holding that habeas corpus petitioner was prejudiced by counsel's deficient performance advising him to reject a plea agreement offered and to go to trial) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (holding that counsel was deficient in failing to communicate prosecutor's plea offer to defendant before offer expired). Keller claims his first trial counsel provided ineffective assistance by failing to inform the

2

government within the requisite time that Keller wanted to accept the plea offer. (ECF Nos. 33 and 39).

By asserting his motion is timely filed under *Frye* and *Lafler*, Keller implies without specifically stating that these cases recognized new constitutional rules of law and, thus, that the running of the one-year limitations period began on the date *Frye* and *Lafler* were issued under 28 U.S.C. § 2255(f)(3). In neither case, however, did the Supreme Court announce it was recognizing a new rule of constitutional law. Instead, both cases applied the well-established analysis in *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984) to the plea negotiation process. *See Lafler*, 132 S.Ct. at 1384 (noting the decision addressed the applying *Strickland* to alleged ineffective assistance resulting from rejection of a plea offer); *Frye*, 132 S.Ct. at 1409 (noting its discussion involved an "application of *Strickland* to the instances of an uncommunicated, lapsed plea"); *see also Chaidez v. United States*, 133 S. Ct. 1103, 1108 (2013) ("[G]arden-variety applications of the test in *Strickland v. Washington*. . . . for assessing claims of ineffective assistance of counsel do not produce new rules.").

Although the United States Court of Appeals for the Fourth Circuit has not ruled on this issue, other circuits have reached this conclusion. *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) ("[N]either *Cooper* nor *Frye* announced a new rule of constitutional law."); *In re King*, 697 F.3d 1189 (5th Cir. 2012) ("*Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel ...."); *Hare v. United States*, 688 F.3d 878, 878-880 (7th Cir. 2012); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) ("*Frye* and *Lafler* did not announce new rules."). This court recently ruled similarly in *Linton v. U.S.*, 2013 WL 599563 (D. Md. February 14, 2013). Even if *Frye* and *Lafler* did announce a new rule, it is

3

unlikely it would fall "within the small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" that apply retroactively to cases on collateral review. *See United States v. Thomas*, 627 F.3d 534, 537 (4th Cir. 2010). Thus, Keller's § 2255 motion is untimely.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), Keller is entitled to a certificate of appealability only if he demonstrates that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Keller has not made the requisite showing of denial of a substantial right, and the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For these reasons, the motion will be dismissed as time-barred. A separate Order follows.

May 30, 2013  /s/
Date  Catherine C. Blake
  United States District Judge